VERDE, STEINBERG & PONTELL, LLC
Court Plaza East
19 Main Street
Hackensack, New Jersey 07601
(201) 489-0075
Attorney Identification No. 016641982
*Attorneys for Defendant,*
*Michael Ryan*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA K. MORETZ | CASE NO. 3:21-cv-19822-ZNQ-TJB |
| Plaintiff, | |
| v. | ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSSCLAIMS, DEMAND FOR PRODUCTION OF DOCUMENTS, AND DEMAND FOR JURY TRIAL |
| THE TRUSTEES OF PRINCETON UNIVERSITY d/b/a PRINCETON UNIVERSITY, MICHAEL RYAN, DEFENDANT DOE 1-10, DEFENDANT DOE INSTITUTION 1-10 | |
| Defendants. | |

Defendant, Michael Ryan, by way of Answer to Amended Complaint, states as follows:

## AS TO JURISDICTION

1. The allegations of this paragraph are admitted.

2. The allegations of this paragraph are admitted.

## AS TO PARTIES

3. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

4. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

5. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

6. The allegations of this paragraph are admitted.

7. Except to admit that Michael Ryan was a professor, teacher and/or poet/educator, as the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

8. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

9. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

10. The allegations of this paragraph are admitted.

11. The allegations of this paragraph are admitted.

12. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

13. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

14. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

15. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

16. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

17. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

18. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

19. The allegations of this paragraph are denied.

20. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

21. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

22. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

23. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

24. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

25. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

26. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

27. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

28. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

29. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

30. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

31. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

## AS TO FACTUAL SUMMARY

32. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

33. Except to admit that Michael Ryan was a professor, teacher and/or poet/educator, as the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

34. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

35. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

36. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

37. The allegations of this paragraph are denied.

38. The allegations of this paragraph are denied.

39. The allegations of this paragraph are denied.

40. The allegations of this paragraph are denied.

41. Except to admit that defendant picked up plaintiff at the front gate, driving his red car and that they drove together to defendant's apartment, as the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

42. Except to deny that defendant instructed plaintiff to sit on the couch as he poured white wine for both of them, as the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

43. The allegations of this paragraph are denied.

44. The allegations of this paragraph are denied.

45. Except to admit that defendant and plaintiff sat on the floor, the allegations of this paragraph are denied.

46. The allegations of this paragraph are denied.

47. The allegations of this paragraph are denied.

48. The allegations of this paragraph are denied.

49. The allegations of this paragraph are denied.

50. The allegations of this paragraph are denied.

51. Except to admit that defendant drove plaintiff back to her dormitory, the allegations of this paragraph are denied.

52. Except to deny the allegation of sexual abuse, as the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

53. The allegations of this paragraph are denied.

54. The allegations of this paragraph are denied.

55. The allegations of this paragraph are denied.

56. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

57. The allegations of this paragraph are denied.

58. The allegations of this paragraph are denied.

59. Except to deny the allegation of sexual abuse, as the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

60. The allegations of this paragraph are denied.

61. The allegations of this paragraph are denied.

62. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

63. The allegations of this paragraph are denied.

64. The allegations of this paragraph are denied.

65. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

66. The allegations of this paragraph are denied.

67. The allegations of this paragraph are denied.

68. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

69. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

70. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

71. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

72. To the extent the allegations of this paragraph are intended to pertain to this

defendant, same are denied.

73. The allegations of this paragraph are denied.

74. The allegations of this paragraph are denied.

75. The allegations of this paragraph are denied.

76. The allegations of this paragraph are denied.

77. The allegations of this paragraph are denied.

78. The allegations of this paragraph are denied.

79. The allegations of this paragraph are denied.

80. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

81. As the allegations of this paragraph do not pertain to this defendant, no response is made thereto and plaintiff is left to her proofs.

82. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

83. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

84. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

### AS TO COUNT I - NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION

85-93. Count I was dismissed by Order dated December 29, 2023.

### AS TO COUNT II - GROSS NEGLIGENCE

94. Defendant repeats his answers to each and every allegation set forth above as though more fully set forth herein.

95. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

### AS TO COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96. Defendant repeats his answers to each and every allegation set forth above as

though more fully set forth herein.

97. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

98. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

99. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

100. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

101. To the extent the allegations of this paragraph are intended to pertain to this defendant, same are denied.

### AS TO COUNT IV - BREACH OF FIDUCIARY DUTY

102-106. Count IV was dismissed by Order dated December 29, 2023.

WHEREFORE, defendant Michael Ryan demands judgment in his favor dismissing the Amended Complaint in its entirety together with attorney's fees, costs of suit and such other legal and equitable relief as the Court deems appropriate under the circumstances of this case.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Any damages sustained by plaintiff, which are denied, were the result of breaches and/or defaults of third parties over whom this defendant had no control and for whose conduct this defendant is not responsible.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Defendant Michael Ryan is immune from civil liability.

5. Plaintiff is not entitled to punitive damages as a matter of law.

6. Plaintiff is not entitled to attorney's fees or costs of suit as a matter of law.

7. Plaintiff is not entitled to damages for pain and suffering and has suffered no proximate loss as a result of any conduct on the part of this defendant.

8. The Amended Complaint is barred due to lack of in personam jurisdiction.

9. The Amended Complaint is barred due to lack of subject matter jurisdiction.

10. The Amended Complaint is barred due to insufficiency of service of process.

11. The Amended Complaint is barred due to plaintiff's comparative and/or contributory negligence.

12. The defendant is not indebted to the plaintiff in any sums whatsoever.

13. The Amended Complaint is barred due to applicable statutes protecting this defendant from civil liability.

14. The plaintiff and defendant engaged in no inappropriate conduct, and plaintiff has no claim for damages against this defendant.

15. The defendant committed no act of negligence and breached no standard of care owing to plaintiff.

16. The defendant committed no intentional act which caused harm to plaintiff.

17. The factual recitation set forth by plaintiff in the Amended Complaint is inaccurate and as a result, plaintiff's pleading lacks factual and legal merit.

18. Plaintiff has failed to mitigate her damages.

19. The Amended Complaint is barred by the equitable doctrines of laches, estoppel, waiver and unclean hands.

20. The Amended Complaint is frivolous in nature, in that it lacks factual and legal merit, and defendant reserves the right to move for sanctions against the plaintiff upon dismissal of the Amended Complaint.

## CROSSCLAIM FOR CONTRIBUTION

This defendant Michael Ryan Crossclaims for Contribution against the co-defendants pursuant to the terms of the Joint Tortfeasors Act, N.J.S.A. 2A:53.1 et. seq. and the Comparative Negligence Act of New Jersey, N.J.S.A. 2A:15-3.3.

## CROSSCLAIM FOR COMMON LAW INDEMNIFICATION

This defendant Michael Ryan hereby asserts that he is entitled to full common law indemnification from co-defendants for any judgment that may be entered against this defendant.

**CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION**

The defendant Michael Ryan hereby asserts that he is entitled to full contractual indemnification from co-defendants for any judgment that may be entered against this defendant.

**DEMAND FOR PRODUCTION OF DOCUMENTS**

Defendant demands that plaintiff produce, within five (5) days of the date hereof, the following documents referred to in the Amended Complaint:

1. All documents referred to in paragraph 9 of the Amended Complaint, including the Rules and Procedures of the Faculty, the "teaching ethics", and The Daily Princetonian, May 11, 1981, Article.

2. All documents referred to in paragraph 25 of the Amended Complaint indicating that the co-defendants "actually knew and/or had reason to know" that defendant engaged in a sexual offense of flagrantly lewd and inappropriate conduct and/or sexual abuse which would violate the laws of New Jersey.

3. All documents referred to in paragraph 26 of the Amended Complaint indicating that co-defendants had "actual and/or constructive notice of the past lewd and/or inappropriate conduct and/or sexual abuse by the defendant all in violation of the rights guaranteed to plaintiff by the laws of New Jersey."

4. All documents referred to in paragraph 34 of the Amended Complaint, including the few poems submitted by plaintiff to the Princeton Creative Writing Department.

**DEMAND FOR JURY TRIAL**

Demand is hereby made for trial on all issues by a jury of twelve persons.

DATED: January 11, 2024

VERDE, STEINBERG & PONTELL, LLC
*Attorneys for Defendant, Michael Ryan*

BY: *Steven Pontell*
Steven Pontell, Esq.

<u>CERTIFICATION</u>

I hereby certify that a copy of this pleading has been served upon plaintiff in the manner and within the time prescribed by Court Rule.

The matter in controversy, to the best of defendants' knowledge, is not the subject of any other action pending in any Court or of a pending arbitration proceeding. The names of any other party who should be joined in this action are not known to this defendant.

DATED:  January 11, 2024

VERDE, STEINBERG & PONTELL, LLC
*Attorneys for Defendant, Michael Ryan*

BY: *Steven Pontell*
      Steven Pontell, Esq.

F:\wpdocs\LITIGATI\Ryan, Michael\Answer2AmendedCplt.wpd