# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA R. MORETZ,<br><br>    Plaintiff,<br><br>v.<br><br>TRUSTEES OF PRINCETON<br>d/b/a PRINCETON UNIVERSITY;<br>MICHAEL RYAN;<br>DEFENDANT DOE 1-10;<br>DEFENDANT DOE INSTITUTION 1-10,<br><br>    Defendants. | Case No. 3:21-cv-19822<br><br>**DEFENDANT THE TRUSTEES OF PRINCETON UNIVERSITY'S ANSWER TO AMENDED COMPLAINT OF PLAINTIFF LAURA MORETZ, ANSWER TO CROSS-CLAIMS OF MICHAEL RYAN, AND CROSS-CLAIMS AGAINST MICHAEL RYAN** |

Defendant The Trustees of Princeton University (the "University"), improperly named as Trustees of Princeton, by and through its counsel, Saul Ewing LLP, hereby responds to the Amended Complaint of Plaintiff Laura Moretz ("Plaintiff") as follows:

## <u>JURISDICTION</u>

1.    Admitted.

2.    Admitted.

## **PARTIES**

3.      The University is without sufficient information to form a belief as to the allegations contained in Paragraph 3, and therefore, denies same and demands strict proof thereof.

4.      The University is without sufficient information to form a belief as to the allegations contained in Paragraph 4, and therefore, denies same and demands strict proof thereof.

5.      Admitted.

6.      The University admits only that Michael Ryan was a former lecturer at the University. The University is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 6, and therefore, denies same and demands strict proof thereof.

7.      The University admits only that Michael Ryan was a former lecturer at the University. The University is without sufficient information to form a belief as to the meaning of "at all material times hereto" and the remaining allegations contained in Paragraph 7, and therefore, denies same and demands strict proof thereof.

8.      The University denies the allegations in Paragraph 8 and demands strict proof thereof.

9.     The allegations in Paragraph 9 refer to an article in *The Daily Princetonian* and an excerpt from a book authored by Michael Ryan, which are documents that speak for themselves and any misstatements or mischaracterizations thereof are expressly denied.

10.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 10, and therefore, denies same and demands strict proof thereof.

11.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 11, and therefore, denies same and demands strict proof thereof.

12.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 12, and therefore, denies same and demands strict proof thereof.

13.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 13, and therefore, denies same and demands strict proof thereof.

14.     The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

15.    The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

16.    The allegations in Paragraph 16 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

17.    The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

18.    The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

19.    The allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

20.    The allegations in Paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

21.     The allegations in Paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

22.     The University is without sufficient information to form a belief with respect to the policies and practices during the relevant time period, and therefore denies same and demands strict proof thereof.

23.     Admitted.

24.     The allegations in Paragraph 24 contain legal conclusions to which no response is required. To the extent Paragraph 24 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 24 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

25.     The allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent Paragraph 25 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 25 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to

form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

26.    The allegations in Paragraph 26 contain legal conclusions to which no response is required. To the extent Paragraph 26 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 26 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

27.    The allegations in Paragraph 27 contain legal conclusions to which no response is required. To the extent Paragraph 27 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 27 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

28.    The allegations in Paragraph 28 contain legal conclusions to which no response is required. To the extent Paragraph 28 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 28 contains factual allegations that are

directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

29.    The allegations in Paragraph 29 contain legal conclusions to which no response is required. To the extent Paragraph 29 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 29 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

30.    The allegations in Paragraph 30 contain legal conclusions to which no response is required. To the extent Paragraph 30 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 30 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

31.    The allegations in Paragraph 31 contain legal conclusions to which no response is required. To the extent Paragraph 31 contains factual allegations that are directed to the University, the University denies the allegations and demands strict

proof thereof. To the extent Paragraph 31 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

## FACTUAL SUMMARY

32.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 32, and therefore, denies same and demands strict proof thereof.

33.     Upon information and belief, admitted only that Michael Ryan was a lecturer at Princeton University at certain points in time.

34.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 34, and therefore, denies same and demands strict proof thereof.

35.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 35, and therefore, denies same and demands strict proof thereof.

36.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 36, and therefore, denies same and demands strict proof thereof.

37.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 37, and therefore, denies same and demands strict proof thereof.

38.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 38, and therefore, denies same and demands strict proof thereof.

39.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 39, and therefore, denies same and demands strict proof thereof.

40.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 40, and therefore, denies same and demands strict proof thereof.

41.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 41, and therefore, denies same and demands strict proof thereof.

42.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 42, and therefore, denies same and demands strict proof thereof.

43.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 43, and therefore, denies same and demands strict proof thereof.

44.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 44, and therefore, denies same and demands strict proof thereof.

45.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 45, and therefore, denies same and demands strict proof thereof.

46.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 46, and therefore, denies same and demands strict proof thereof.

47.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 47, and therefore, denies same and demands strict proof thereof.

48.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 48, and therefore, denies same and demands strict proof thereof.

49.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 49, and therefore, denies same and demands strict proof thereof.

50.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 50, and therefore, denies same and demands strict proof thereof.

51.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 51, and therefore, denies same and demands strict proof thereof.

52.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 52, and therefore, denies same and demands strict proof thereof.

53.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 53, and therefore, denies same and demands strict proof thereof.

54.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 54, and therefore, denies same and demands strict proof thereof.

55.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 55, and therefore, denies same and demands strict proof thereof.

56.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 56, and therefore, denies same and demands strict proof thereof.

57.     The University admits only that Lila Karp was a former director of the University's Women's Center.  The University is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 57, and therefore, denies same and demands strict proof thereof.

58.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 58, and therefore, denies same and demands strict proof thereof.

59.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 59, and therefore, denies same and demands strict proof thereof.

60.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 60, and therefore, denies same and demands strict proof thereof.

61.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 61, and therefore, denies same and demands strict proof thereof.

62.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 62, and therefore, denies same and demands strict proof thereof.

63.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 63, and therefore, denies same and demands strict proof thereof.

64.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 64, and therefore, denies same and demands strict proof thereof.

65.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 65, and therefore, denies same and demands strict proof thereof.

66.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 66, and therefore, denies same and demands strict proof thereof.

67.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 67, and therefore, denies same and demands strict proof thereof.

68.     The University denies the allegations in Paragraph 68 and demands strict proof thereof.

69.     The University denies the allegations in Paragraph 69 and demands strict proof thereof.

70.     The University denies the allegations in Paragraph 70 and demands strict proof thereof.

71.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 71, and therefore, denies same and demands strict proof thereof.

72.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 72, and therefore, denies same and demands strict proof thereof.

73.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 73, and therefore, denies same and demands strict proof thereof.

74.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 74, and therefore, denies same and demands strict proof thereof.

75.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 75, and therefore, denies same and demands strict proof thereof.

76.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 76, and therefore, denies same and demands strict proof thereof.

77.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 77, and therefore, denies same and demands strict proof thereof.

78.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 78, and therefore, denies same and demands strict proof thereof.

79.    The University is without sufficient information to form a belief as to the allegations contained in Paragraph 79, and therefore, denies same and demands strict proof thereof.

80.     The University is without sufficient information to form a belief as to the allegations contained in Paragraph 80, and therefore, denies same and demands strict proof thereof.

81.     Paragraph 81 does not contain allegations of fact to which a response is required. To the extent Paragraph 81 requires a response, the University does not dispute that Plaintiff purports to assert her claims pursuant to *N.J.S.A.* 2A:14-2b. The University further states that the terms of *N.J.S.A.* 2A:14-2b speak for themselves, and denies the allegations in Paragraph 81 to the extent inconsistent with those terms.

82.     The allegations in Paragraph 82 contain legal conclusions to which no response is required. To the extent Paragraph 82 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 82 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

83.     The allegations in Paragraph 83 contain legal conclusions to which no response is required. To the extent Paragraph 83 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 83 contains factual allegations that are

directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

84.     The allegations in Paragraph 84 contain legal conclusions to which no response is required. To the extent Paragraph 84 contains factual allegations that are directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 84 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

## COUNT I
## NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

85-93.  No response to the allegations in Paragraphs 85 through 93 is required as Count I was dismissed by the Court as to the University on December 29, 2023. (ECF Nos. 42, 43.)

## COUNT II
## GROSS NEGLIGENCE

94.     The University incorporates each of its above responses as if fully set forth herein.

95.     The allegations in Paragraph 95 contain legal conclusions to which no response is required. To the extent Paragraph 95 contains factual allegations that are

17

directed to the University, the University denies the allegations and demands strict proof thereof. To the extent Paragraph 95 contains factual allegations that are directed to other parties, the University lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them and demands strict proof thereof.

## COUNT III
## EMOTIONAL DISTRESS

96-101. No response to the allegations in Paragraphs 96 through 101 is required as Count III was dismissed by the Court as to the University on December 29, 2023. (ECF Nos. 42, 43.)

## COUNT IV
## BREACH OF FIDUCIARY DUTY

102-106. No response to the allegations in Paragraphs 102 through 106 is required as Count IV was dismissed by the Court on December 29, 2023. (ECF Nos. 42, 43.)

**WHEREFORE**, the University demands that judgment be entered in its favor, dismissing Plaintiff's claims against the University with prejudice, and awarding attorneys' fees and costs of suit, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The University did not breach any duties owed to Plaintiff.

### Third Affirmative Defense

The alleged intentional, criminal acts of Co-Defendant Michael Ryan were outside the scope of any employment relationship.

### Fourth Affirmative Defense

The University had no notice of improper or dangerous conduct on the part of Co-Defendant Michael Ryan prior to the alleged assault(s).

### Fifth Affirmative Defense

Any alleged negligent act or omission of the University was not the proximate cause of Plaintiff's alleged injuries or damages.

### Sixth Affirmative Defense

Plaintiff's injuries or damages were not caused by any acts or omissions of the University but, rather, by an intervening criminal act that broke any causal connection between any action or omission of the University and Plaintiff's claimed injuries or damages.

**Seventh Affirmative Defense**

While the University expressly denies that Plaintiff has incurred any damages attributable to an action or inaction of the University, any damages Plaintiff claims to have incurred were caused by entities or persons other than the University.

**Eighth Affirmative Defense**

While the University expressly denies that Plaintiff has incurred any damages attributable to an action or inaction of the University, any damages Plaintiff claims to have incurred were caused by facts, actions, or events having nothing to do with the University.

**Ninth Affirmative Defense**

Some or all of the damages claimed by Plaintiff are not recoverable under the applicable laws.

**Tenth Affirmative Defense**

The University hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case, and reserves the right to amend this Answer and insert any such defense.

**WHEREFORE**, the University demands that judgment be entered in its favor, dismissing Plaintiff's claims against the University with prejudice, and awarding attorneys' fees and costs of suit, and such other relief as the Court deems just and proper.

## **ANSWER TO ALL CROSS-CLAIMS OF**
## **CO-DEFENDANT MICHAEL RYAN**

The cross-claims of Co-Defendant Michael Ryan for contribution, common law indemnification, and contractual indemnification do not contain factual allegations against the University requiring a response. To the extent a response is required, the University denies the allegations and demands strict proof thereof. The University further denies the allegations in the cross-claims to the extent they misstate applicable law.

**WHEREFORE**, the University demands that judgment be entered dismissing the cross-claims with prejudice, and awarding costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## CROSS-CLAIM FOR CONTRIBUTION
## AGAINST CO-DEFENDANT MICHAEL RYAN

If, at the time of trial, the cause of action of Plaintiff's Amended Complaint, or any of the allegations of the Amended Complaint are proved to be true, which allegations are specifically and expressly denied, then any damages sustained by Plaintiff were due solely to the actions or omissions of Co-Defendant Michael Ryan ("Ryan"), and not due to any acts or omissions of the University, and the University is entitled to contribution from Ryan. Accordingly, the University hereby cross-claims and demands contribution from Ryan pursuant to the terms and provisions of the New Jersey Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A-1 *et seq*., and the New Jersey Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 *et seq*, for any sum which may be found due to Plaintiff, together with costs.

**WHEREFORE**, the University demands judgment for contribution from Ryan together with costs, attorneys' fees, and any other relief this Court deems just and equitable.

## CROSS-CLAIM FOR INDEMNIFICATION
## AGAINST CO-DEFENDANT MICHAEL RYAN

If, at the time of trial, any cause of action of Plaintiff's Amended Complaint, or any of the allegations of the Amended Complaint are proved to be true, which allegations are specifically and expressly denied, then any damages sustained by Plaintiff were due solely to the actions or omissions of Ryan, and not due to any acts

or omissions of the University, then the University is entitled to indemnification from Ryan. Accordingly, the University hereby cross-claims and demands indemnification from Ryan for any sum which may be found due to Plaintiff, together with costs.

      **WHEREFORE**, the University demands judgment for indemnification from Ryan together with costs, attorneys' fees, and any other relief this Court deems just and equitable.

                  */s/ James A. Keller*
                  **SAUL EWING LLP**
                  James A. Keller
                  Colleen Fox
                  Rebecca R. Starner
                  1500 Market Street, 38th Floor West
                  Philadelphia, PA 19102
                  (215) 972-1964
                  (215) 972-4152 (fax)
                  James.Keller@saul.com

                  *Attorneys for Defendant*
                  *The Trustees of Princeton University*

Dated: January 12, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2024, I electronically filed the foregoing *Defendant The Trustees of Princeton University's Answer to Amended Complaint of Plaintiff Laura Moretz, Answer to Cross-Claims of Michael Ryan, and Cross-Claims against Michael Ryan* with the United States District Court, District of New Jersey, through the Court's ECF system, and I further certify that the electronic filing of this document constitutes proper service on all counsel of record pursuant to  Local Civil Rule 5.2.


*/s/ James A. Keller*
James A. Keller

Dated: January 12, 2024